

October 23, 2025

**VIA ECF and E-mail**
Hon. Ana C. Reyes
United States District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW, Washington, D.C. 20001

Re:   *International Rights Advocates v. Tesla, Inc.*, Case No. 1:25-cv-03655-ACR
      Notice of Intent to File Motion to Remand to State Court

Dear Judge Reyes:

I am counsel of record representing International Rights Advocates ("IRAdvocates" or "Plaintiff") in the above-referenced matter. IRAdvocates brought an action in the Superior Court of the District of Columbia against Tesla, Inc. ("Tesla" or "Defendant"), under the District of Columbia Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §§ 28-3901–13. Tesla improperly removed this action to this Court, asserting federal diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a), 1441(a)–(b), and 1446. We submit this pre-motion conference letter regarding IRAdvocates' anticipated motion to remand the case to Superior Court.

Tesla's Notice of Removal ("Removal") contends that federal diversity jurisdiction exists because the amount-in-controversy exceeds $75,000—even though IRAdvocates has sought only declarative and injunctive relief. Tesla speculates that the costs of complying with an injunction and the Plaintiff's request for attorneys' fees will exceed the statutory minimum. Tesla's Removal ignores the District's "consensus" established over nearly two dozen decisions on point. *See Int'l Rights Advocates. v. Mars, Inc.*, No. 1:24-cv-894-RCL, 2025 U.S. Dist. LEXIS 46055, at *26–27 (D.D.C. Mar. 13, 2025) (granting IRAdvocates' motion to remand).



***First***, Tesla dismisses the long-standing precedent holding that the non-aggregation principle, *Snyder v. Harris*, 394 U.S. 332, 336 (1969), applies to DCCPPA cases brought by a public interest organization on behalf of the general public—like the present action. In such cases, Defendant's costs of complying with injunctive relief must be divided pro rata among D.C. consumers. *See Int'l Rights Advocates*, 2025 U.S. Dist. LEXIS 46055, at *26 ("In sum, the defendants have not convinced the Court to depart from this District's conventional wisdom regarding the calculation of the amount in controversy in representative DCCPPA actions: the cost of complying with a hypothetical injunction must be divided among the beneficiary population, which in this case is the population of D.C."); *Breathe DC v. Juul Labs, Inc.*, No. 20-619 (JEB), 2023 U.S. Dist. LEXIS 120176, at *10 (D.D.C. July 13, 2023) ("'[C]ourts in this district routinely apply this rule when considering the amount in controversy in cases that seek injunctive relief' by organizations on behalf of D.C. consumers under D.C. Code § 28- 3905(k)(1), the provision Plaintiff invokes here." (citations omitted)).

***Second***, Tesla seeks to disregard this precedent because it has not been explicitly affirmed by the United States Court of Appeals for the District of Columbia. (Removal ¶ 30). This is incoherent: remand for lack of federal diversity jurisdiction is not appealable. *See* 28 U.S.C. § 1447(d). Tesla seems to think it is appropriate for this Court to complete the tedious task of affirming, and re-affirming, and re-affirming ad nauseum, that non-aggregation applies to DCCPPA actions such as this. The authorities Tesla cites to the contrary are unpersuasive. None involve the DCCPPA, let alone the private attorney general provision under which IRAdvocates brought this case. Many are outside of this Circuit and are actually "non-binding authorities." *See*

2



(Removal ¶ 30–32).  It is unclear why Tesla believes they should be more compelling than the overwhelming precedent within this District.

*Third*, Tesla argues that District precedent pertaining to attorneys' fees does not apply to self-represented parties, such as IRAdvocates.  (Removal ¶ 16).  This undermines the purpose of the DCCPPA, which explicitly authorized public interest organizations to bring suit without mandating that they seek outside counsel.  Attorneys' fees in DCCPPA cases are also subject to the non-aggregation principle; in the alternative, they may be set at $0 for jurisdictional purposes. *See Beyond Pesticides v. ExxonMobil Corp.*, No. 20-cv-1815 (TJK), 2021 U.S. Dist. LEXIS 53032, at *5 (D.D.C. Mar. 22, 2021) ("Courts in this District have also applied the non-aggregation principle to attorneys' fees."); *Organic Consumers Ass'n v. Handsome Brook Farm Grp. 2, LLC*, 222 F. Supp. 3d 74, 78–79 (2016) ("But when, like here, a plaintiff 'is suing under [the private attorney general provision of the DCCPPA] and is recovering no independent damages, the amount of attorneys' fees applicable to it for jurisdictional purposes are $0.'" (citations omitted)).  This analysis does not change because IRAdvocates is self-represented.  *See Food & Water Watch v. Smithfield Foods, Inc.*, No. 21-cv-02065 (CRC), 2021 U.S. Dist. LEXIS 258966, at *10 (D.D.C. Dec. 6, 2021) (granting remand in a DCCPPA action to an organizational plaintiff represented by its own staff attorney); *Food & Water Watch, Inc. v. Tyson Foods, Inc.*, No. 19-cv-2811 (APM), 2020 U.S. Dist. LEXIS 38232, at *17–18 (D.D.C. Mar. 5, 2020) (same).

*Fourth*, Tesla's estimates regarding the costs of complying with injunctive relief and Plaintiff's attorneys' fees are speculative and presumptive.  Tesla contends that it would need to "formulate new material," which would involve "policy personnel, lawyers, communications and graphics vendors and specialists . . . and information technology personnel."  (Removal ¶ 29.)  Not



only does this go beyond the relief sought in the complaint, Tesla makes no effort to show that these costs would exceed $75,000 per District consumer. Tesla's evidence regarding IRAdvocates' attorneys' fees are similarly speculative. Tesla points to costs IRAdvocates has sought in "similar litigation," as well as IRAdvocates' attorneys' "presumptive" billing rates. (Removal ¶¶ 17–24, 26.) Both of these approaches have been rejected by Courts in this District. *See, e.g., ExxonMobil*, 2021 U.S. Dist. LEXIS 53032, at *5 n.1; *Animal Legal Defense Fund v. Hormel Foods Corp.*, 249 F. Supp. 3d 53, 63 (D.D.C. 2017).

*Fifth*, Tesla neglects the fact that IRAdvocates lacks Article III standing to bring its claim in federal court. IRAdvocates has not alleged an injury-in-fact sufficient to confer standing under Article III. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

Courts in this District construe removal strictly and favor remand in the face of ambiguity. *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 53 (D.D.C. 2012). Defendant Tesla has not met its burden to prove federal diversity jurisdiction in this case. In light of the overwhelming precedent in this District, Tesla's Removal is objectively unreasonable. *See* 28 U.S.C. § 1447(c). IRAdvocates further seeks to recoup its just costs and actual expenses, including attorneys' fees, associated with returning this case to the District of Columbia Superior Court.

Sincerely,

*/s/ Terrence P. Collingsworth*
Terrence P. Collingsworth
Executive Director
**INTERNATIONAL RIGHTS ADVOCATES**
Email: tc@iradvocates.org

*Attorney for Plaintiff*

cc: All Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, I electronically filed the foregoing with the United States District Court for the District of Columbia by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties.

Date: October 23, 2025

*/s/ Terrence P. Collingsworth*
Terrence P. Collingsworth
D.C. Bar No. 471830
INTERNATIONAL RIGHTS ADVOCATES
621 Maryland Avenue NE
Washington, D.C. 20002
Telephone: (202) 543-5811
Email: tc@iradvocates.org

***Counsel for Plaintiff***